UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 3512<br><br>Request from the Republic of Poland for Assistance in a Criminal Matter:  In Re 2011 Infiniti FX35 | ML NO. ____ |

DOJ Ref. # 182-56391

## APPLICATION OF THE UNITED STATES
## FOR AN ORDER PURSUANT TO 18 U.S.C. § 3512

The United States of America, moving by and through its undersigned counsel, respectfully submits this ex parte application for an Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Patricia L. Petty, Senior Trial Attorney, Office of International Affairs (or a substitute or successor subsequently designated by the Office of International Affairs), as a commissioner to collect evidence from witnesses and to take such other action as is necessary to execute a request for assistance in a criminal matter from the Republic of Poland (Poland).  In support of this application, the United States asserts:

### RELEVANT FACTS

1.  On September 16, 2016, the Ministry of Poland submitted a request for assistance (Request) to the United States, pursuant to the Agreement Between the United States of America and the Republic of Poland on the Application of the Treaty Between the United States of America and the Republic of Poland on Mutual Legal Assistance in Criminal Matters signed 10 July 1996, pursuant to Article 3(2) of the Agreement on Mutual Legal Assistance Between the

United States of America and the European Union signed at Washington 25 June 2003, U.S.-Poland, June 9, 2006, S. TREATY DOC. NO. 109-13 (2006) (Treaty). As stated in the Request, the District Prosecutor's Office in Cracow-Srodmiescie Wschod Poland, is investigating criminal offenses allegedly committed by Tomas Marszalik, specifically fraud, which occurred from on or about October 28, 2011, and June 30, 2012, in violation of the criminal law of Poland, namely Article 286, para.1 of the Polish Criminal Code. A copy of the applicable law is included as Attachment A to this application. Under the Treaty, the United States is obligated to render assistance in response to the Request.

2. According to authorities in Poland, on October 28, 2011, the victim entered into a "commission of agency" contract with Tomasz Marszalik (Marszalik), chairman of the Board of Directors of USauto LLC (USauto) where USauto would coordinate the importation of a passenger vehicle, an Infiniti FX35, into Poland. The vehicle was to be purchased at an auction conducted by OK Auto Sales, Inc., located in Bridgeton, New Jersey. Although the vehicle was damaged, the victim agreed to purchase the vehicle and, on the same day, transferred $20,250 into the Bank of America account number XXXXXXXX2773 in the name of OK Auto Sales, Inc., located in the United States. Marszalik showed the victim a picture of the car and the victim realized that he had been misled about its condition. Marszalik proposed that if repairs were made to the car, the car could be sold to another person and the victim could buy another vehicle at auction. On November 9, 2011, the victim paid Marszalik $8,000 to make repairs to the car. Marszalik began avoiding the victim's calls and eventually told the victim that the vehicle had been sold to another buyer. The parties subsequently terminated the "commission of agency" contract, and Marszalik promised to refund the $28,250 plus interest to the victim by June 30, 2012. The victim never received his money.

4. To further the investigation, authorities in Poland have asked U.S. authorities to provide records from the Bank of America bank account XXXXXXXX2773 to determine who received the funds and how they were disposed, to obtain sales records of the 2011 Infiniti FX35, and to interview the bank account holder and/or officials from OK Auto Sales.

## LEGAL BACKGROUND

### The Treaty

5. A treaty constitutes the law of the land. U.S. Const. art. VI, cl.2. The provisions of a treaty have equal footing with acts of Congress and are binding on the courts. See Asakura v. City of Seattle, 265 U.S. 332, 341 (1924); United States v. The Peggy, 5 U.S. 103 (1801); United States v. Emuegbunam, 268 F.3d 377, 389 (6th Cir. 2001). The provisions of a treaty should be construed liberally "to give effect to the purpose which animates it." United States v. Stuart, 489 U.S. 353 (368) (1989) (internal quotation marks omitted). To the extent that the provisions of a treaty are inconsistent with a preexisting statutory provision, the treaty supersedes the statute. Zschernig v. Miller, 389 U.S. 429, 440-41 (1968).

6. The United States and Poland entered into the Treaty "to improve the effectiveness of the law enforcement authorities of both countries in the investigation, prosecution, and prevention of crime through cooperation and mutual legal assistance in criminal matters." Treaty Between the United States of America and the Republic of Poland on Mutual Legal Assistance in Criminal Matters, U.S.-Pol., pmbl., July 10, 1996, S. TREATY DOC. NO. 105-12 (1997). The Treaty obligates each state, upon request, to provide assistance to the other in criminal investigations and proceedings, including assistance in serving documents, obtaining testimony, statements, and records, and executing searches and seizures. Article 1 of the Annex

to the Treaty. In addition, the Treaty, like 18 U.S.C. § 3512, authorizes federal courts to use compulsory measures to further the execution of such requests. Article 5(1) of the Annex to the Treaty ("The judicial or other competent authorities of the Requested State shall issue subpoenas, search warrants, or other orders necessary to execute [a] request").[1]

## 18 U.S.C. § 3512

7. When executing a treaty or non-treaty request for assistance from a foreign authority, an attorney for the government may file an application to obtain any requisite court orders under 18 U.S.C. § 3512. This section authorizes a federal court to issue such orders and provides in pertinent part:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an Attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.
>
> \*   \*   \*
>
> [A]n application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia.
>
> \*   \*   \*
>
> The term "foreign authority" means a foreign judicial authority, a foreign authority responsible for the investigation or prosecution of criminal offenses or for proceedings related to the prosecution of criminal offenses, or an authority designated as a competent authority or central authority for the purpose of making requests for assistance pursuant to an agreement or treaty with the United States regarding assistance in criminal matters.

18 U.S.C. § 3512(a)(1), (c)(3), (h)(2).

8. Congress enacted this section to make it "easier for the United States to respond

---

[1] Polish authorities have not asked U.S. authorities to keep the Request confidential. Accordingly, the United States is not seeking authorization to issue a non-disclosure order, nor is it seeking an order to seal the court file.

to [foreign] requests by allowing them to be centralized and by putting the process for handling them within a clear statutory scheme." 155 Cong. Rec. 6,810 (2009) (statement of Sen. Whitehouse); Foreign Evidence Request Efficiency Act of 2009, Pub. L. No. 111-79, 123 Stat. 2086.[2] This section provides clear authority for the federal courts, upon application duly authorized by an appropriate official of the Department of Justice, to issue orders which are necessary to execute a foreign request.

9. An application is duly authorized by an appropriate official of the Department of Justice when the Office of International Affairs, which serves as the "Central Authority" for the United States, has reviewed and authorized the request, and executes the request itself or delegates execution to another attorney for the government.[3] Upon such a duly authorized application, Section 3512 authorizes a federal judge[4] to issue "such orders as may be necessary to execute [the] request," including: (1) search warrants under Fed. R. Crim. P. 41; (2) orders for electronic records under 18 U.S.C. § 2703; (3) orders for pen registers or trap and trace devices under 18 U.S.C. § 3123; and (4) orders appointing a person to direct the taking of testimony or statements and/or the production of documents or other things. See 18 U.S.C. § 3512(a)(1)-

---

[2] Prior to the enactment of 18 U.S.C. § 3512, the United States routinely utilized the procedures authorized by 28 U.S.C. § 1782 (the "commissioner" process) to execute requests from foreign authorities. See In re Request from the United Kingdom, 685 F.3d 1, 11 (1st Cir. 2012) (18 U.S.C. § 3512 provides a more streamlined process than 28 U.S.C. § 1782, the statute under which foreign requests were previously executed); see also Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247-49 (2004) (describing history of Section 1782). When enacting Section 3512, Congress anticipated that improved U.S. handling of foreign requests would ensure reciprocity in response to U.S. requests for assistance in its criminal investigations. See, e.g., 155 Cong. Rec. 10,093 (2009) (statement of Rep. Schiff).

[3] The Attorney General, through regulations and Department of Justice directives, delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters. See 28 C.F.R. 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81A and 81B.

[4] The term "federal judge" includes a magistrate judge. See 18 U.S.C. § 3512(h)(1) and Fed. R. Crim. P. 1(b)(3)(B) (including a magistrate judge in the definition of federal judge).

(b)(1). In addition, a federal judge may prescribe any necessary procedures to facilitate the execution of the request, including any procedures requested by the foreign authority to facilitate its use of the evidence. See In re Letter of Request from the Crown Prosecution Service of the United Kingdom, 870 F.2d 686, 693 (D.C. Cir. 1989) (court has discretion in prescribing procedures to be followed in executing foreign request under 28 U.S.C. § 1782); cf. White v. National Football League, 41 F.3d 402, 409 (8th Cir. 1994) (court may issue process necessary to facilitate disposition of matter before it); Fed. R. Crim. P. 57(b).

10. Section 3512 also authorizes any person appointed to direct the taking of testimony or statements and/or the production of documents or other things to: (1) issue an order requiring a person to appear and/or produce documents or other things; (2) administer any necessary oaths; (3) take testimony or statements; and (4) take receipt of documents or other things. 18 U.S.C. § 3512(b)(2). In ordering a person to appear and/or produce documents or other things, the person appointed, commonly referred to as the "commissioner," typically uses a subpoena entitled "Commissioner Subpoena." Any such subpoena or any other order, subject to subsection (d), may be served or executed anywhere in the United States. 18 U.S.C. § 3512(f). A copy of a "Commissioner Subpoena" is included as Attachment B.

## REQUEST FOR ORDER

11. The Office of International Affairs has reviewed and authorized the Request, and is executing the Request itself. Consequently, this application for an Order appointing the undersigned attorney as a commissioner to collect evidence from witnesses and to take such other action as is necessary to execute the Request has been "duly authorized" within the meaning of Section 3512. In addition, the Request was submitted by an appropriate "foreign authority," i.e., the Ministry of Justice of Poland, a designated Central Authority in Poland for

requests made pursuant to the Treaty, and seeks assistance in the investigation of fraud, a criminal offense in Poland. Furthermore, the requested Order is necessary to execute the Request, and the assistance requested, i.e., the production of bank and business records and witness interviews, fall squarely within that contemplated by both the Treaty and Section 3512. Finally, this application was properly filed in the District of Columbia.

12. Both Section 3512 and the Treaty authorize the use of compulsory process in the execution of treaty requests comparable or similar to that used in domestic criminal investigations or prosecutions. Because subpoenas utilized in U.S. criminal proceedings (i.e., grand jury and criminal trial subpoenas) are issued without notice to any person other than the recipient (i.e., no notice to targets or defendants), orders and commissioner subpoenas issued in execution of a treaty request pursuant to Section 3512 and the applicable treaty, likewise should require no notice other than to the recipients. This is true even if the Requesting State, as here, seeks financial records, because the Right to Financial Privacy Act, 12 U.S.C. §§ 3401 et seq., including its notice provisions, does not apply to the execution of foreign requests for legal assistance. Young v. U.S. Dept. of Justice, 882 F.2d 633, 639 (2d Cir. 1989), cert. denied, 493 U.S. 1072 (1990); In re Letters of Request from the Supreme Court of Hong Kong, 821 F. Supp. 204, 211 (S.D.N.Y. 1993); In re Letter of Request for Judicial Assistance from the Tribunal Civil de Port-Au-Prince, Republic of Haiti, 669 F. Supp. 403, 407 (S.D. Fla. 1987). Accordingly, this Court should authorize a commissioner to collect the evidence requested without notice to any person other than the recipient(s) of the commissioner subpoena(s).

13. Therefore, the United States respectfully requests that this Court issue the attached Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Patricia L. Petty, Senior Trial Attorney, Office of International Affairs (or a substitute or successor

subsequently designated by the Office of International Affairs) as a commissioner and authorizing the undersigned to take the actions necessary, including the issuance of a commissioner subpoena(s), to obtain the evidence requested in a form consistent with the intended use thereof.

Respectfully submitted,

VAUGHN A. ARY
DIRECTOR
OFFICE OF INTERNATIONAL AFFAIRS
OK Bar Number 12199

By: /s/ Patricia L. Petty
Patricia L. Petty
Senior Trial Attorney
District of Columbia Bar #374446
Office of International Affairs
Criminal Division, Department of Justice
1301 New York Avenue, N.W., Suite 800
Washington, D.C. 20530
(202) 514-3655 telephone
(202) 514-0080 facsimile
Patricia.Petty@usdoj.gov